UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE TRAUMA CENTER
1234 Mass Ave NW
Washington DC 20005

Plaintiff

v.                                                   Civil Action No. 25-cv-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
5900 Capital Gateway Drive
Camp Springs MD 20588-0009

Defendant

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is a Freedom of Information Act [FOIA] case. Defendant USCIS has failed to respond to five requests from Plaintiff.

**JURISDICTION**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

**VENUE**

3. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391.

**PARTIES**

4a.  Plaintiff Louise Trauma Center is a nonprofit organization that helps asylum applicants, focusing on women who have suffered gender-based violence, such as female genital mutilation (FGM), rape, domestic violence, and forced marriage. We publish materials given to

1

asylum officers, such as country conditions. We offer suggestions on how to make your asylum case stronger. We are a non-profit organization. We charge no fees; we sell nothing. We rely on pro bono lawyers to help us.

4b. Plaintiff secured a reversal and remand in *Louise Trauma Center v USCIS,* No. 24-123, ___ F. 4th.___, 2025 WL 2348711, *5  (4th Cir. Aug. 14, 2025)(To accept the arguments of the agency "would defeat the very purpose of FOIA. FOIA is grounded in the fundamental principle of public access to Government documents. The statute provides a mechanism to obtain official information long shielded from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." [cleaned up].

5. Plaintiff has made FOIA requests in the past, and will continue to do so in the future.

6. Defendant is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b) (1), and is in possession and/or control of the records requested by Plaintiff.

## FACTS

7. On September 2, 2022, defendant received this request from plaintiff:

-a copy of records sent by Asylum Headquarters to the Arlington Asylum Office, concerning training, instruction, and guidance for Supervisory Asylum Officers. Dates: Fiscal Year 2022.

8. Defendant assigned this tracking number to the request:  COW2022 004 366

9. The defendant did not locate any records. The plaintiff filed an administrative appeal. Via a letter dated January 17, 2023, Defendant remanded the request for a further search. Via a letter dated January 19, 2023, defendant assigned this tracking number to the request: REM2023 000 003.

10. Since that time, the defendant has done nothing concerning this request.

= = = = = = = = =

11. On October 6, 2022, defendant received this request from plaintiff:

-a copy of the records mandated by the first sentence of 8 CFR section 208.1b: The Associate Director of USCIS Refugee, Asylum, and International Operations (RAIO) shall ensure that asylum officers receive special training in international human rights law, nonadversarial interview techniques, and other relevant national and international refugee laws and principles. Dates: FY 2022.

12. Defendant assigned this tracking number to the request:  COW2022 004 961

13. Since that time, the defendant has done nothing concerning this request.

= = = = = = = = ==

14. On October 13, 2022, defendant received this request from plaintiff:

Louise Trauma Center hereby requests a copy of all records concerning the quarterly training reports of the weekly training activities in the Arlington Asylum Office for each week. Dates: FY 2022.

15. Defendant assigned this tracking number to the request:  COW2022 005 108.

16. Defendant sent a letter dated October 13, 2022 to plaintiff. That letter states: "Your request for a fee waiver has been granted."

17. Since that time, the defendant has done nothing concerning this request.

= = = = = = = =

18. On April 24, 2023, defendant received this request from plaintiff:

Louise Trauma Center LLC ["LTC"] notes that 8 CFR 208.1b states that the Associate Director of USCIS RAIO "shall maintain a documentation center with information on human rights conditions." Concerning that documentation center, LTC requests a copy of:

1] its rules and procedures;
2] its current policy statements;
3] its most recent annual report;
4] all communications, emails, training, instructions, and guidance, sent by the Associate Director, or his agents, to the persons working at or in the documentation center, during Fiscal Year 2023;
5] documents that describe the contents of the documentation center;
6] documents that describe how to determine what shall be deposited into, and what shall not be deposited into, the documentation center;
7] the current STANDARD OPERATING PROCEDURES of the RAIO Research Unit;

3

19. Defendant assigned this tracking number to the request: COW2023 002 800.

20. Defendant sent a letter dated April 24, 2023 to plaintiff. That letter states: "Your request for a fee waiver has been granted."

21. Since that time, the defendant has done nothing concerning this request.

= = =

22. On May 26, 2023, defendant received this request from plaintiff:

We understand that queries are submitted to the RAIO Research Unit, and that responses are posted to the RAIO Research Unit ECN page. We request a copy of:

1] a list, or Table of Contents, describing queries submitted
2] those queries themselves
3] a list, or Table of Contents, describing responses that were submitted
4] those responses themselves

Dates: FY 23.

23. Defendant assigned this tracking number to the request: COW2023 003712.

24. Defendant sent a letter dated May 26, 2023 to plaintiff. That letter states: "Your request for a fee waiver has been granted."

25. Since that time, the defendant has done nothing concerning this request.

= = = =

**FIRST CAUSE OF ACTION [remand request ending in 0003][Supervisory asylum officers]**

26. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

27. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ( c);

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

28. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

29. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

30. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

31. Plaintiff has exhausted all necessary administrative remedies.

**SECOND CAUSE OF ACTION [concerning request ending in 4961] [special training by RAIO**

32. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

33. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5(c);

i] to provide any of the records to the requester.

34. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

6

35. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

36. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

37. Plaintiff has exhausted all necessary administrative remedies.

**THIRD CAUSE OF ACTION [request ending in 5108][quarterly training reports]**

38. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

39. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

7

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

40. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

41. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

42. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

43. Plaintiff has exhausted all necessary administrative remedies.

**FOURTH CAUSE OF ACTION [request ending in 2800][documentation center]**

44. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

45. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

8

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

46. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

47. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

48. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

49. Plaintiff has exhausted all necessary administrative remedies.

**FIFTH CAUSE OF ACTION [ request ending in 3712][queries and responses]**

50. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

51. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

9

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

52. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

53. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

54. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

55. Plaintiff has exhausted all necessary administrative remedies.

**PRAYER FOR RELIEF**

56. WHEREFORE, plaintiff prays that judgment be entered in its favor against defendant; and that the Court:

a. Order defendant to promptly disclose all of the requested records;
b. Declare that defendant's inaction and actions violate the FOIA;
c. Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E); and
d. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

    Respectfully submitted,

    /s/ *David L. Cleveland*
    David L. Cleveland
    Maryland Bar # 13559 DC Bar # 424209
    Attorney for Plaintiff
    1220 L Street NW #100
    Washington, DC 20005-4033
    [202] 812-8684   <1949.david@gmail.com>